# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CLARENCE ABNEY,** | : | **Civil No. 1:16-CV-350** |
| | : | |
| **Plaintiff** | : | **(Judge Kane)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LISA W. BASIAL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

## I.    INTRODUCTION

In this lawsuit, Clarence Abney, an inmate in the custody of the Pennsylvania Department of Corrections, brings claims against a number of correctional officers and a former Senior Deputy Attorney General in the Pennsylvania Office of Attorney General, alleging that the defendants individually and collectively acted to violate his constitutional rights out of retaliation for another lawsuit that Abney filed.[1]  The litigation has been, in a word, contentious, but with little movement with respect to discovery or litigation on the merits.

---

[1]    That lawsuit, captioned *Clarence Abney v. Younker, et al.*, No. 1:13-cv-1418 (M.D. Pa.) (YK) (MCC) ("*Abney I*"), remains pending.  It alleges claims against a number of DOC staff who Abney claims beat him almost to death in June 2012 at the State Correctional Institution at Huntingdon.  The instant lawsuit arises out of, and relates to *Abney I*, in that in this case Abney alleges that corrections officers,

The instant case in particular has been notably marked by halting and irregular discovery practice, including a failure on the part of the defendants to communicate openly with plaintiff's counsel concerning their intention to resist discovery and file various motions, leading to the belated and surprise cancellation of depositions that had been scheduled for some time. The breakdown during fact discovery was quickly compounded by subsequent motions practice, including the defendants filing a motion for summary judgment (Doc. 44), and a motion to stay discovery pending a ruling on that motion (Doc. 48). The defendants' motion for summary judgment rests in large part on the contention that Abney failed administratively to exhaust most of his claims in this action prior to filing suit, thereby causing his claims to be defaulted under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. In addition, the defendants argue that Abney's claims are time-barred for having been brought more than two years after the incidents occurred.

These motions, in turn, have impelled the plaintiff to resort to his own motions practice rather than to respond to the motion for summary judgment in the customary manner that would be ordinarily followed under Rule 56(c) and Local Rules 7.6 and 56.1. Specifically, the plaintiff filed an omnibus motion seeking entry of an Order directing the defendants to respond to outstanding discovery and

---

aided by their former counsel, acted in a number of ways to retaliate against, harass, and intimidate Abney and other prisoners for having made the claims alleged in *Abney I*.

to appear for depositions; denying the requested stay of discovery; allowing the plaintiff time to take sweeping discovery into at least 30 separate issues before responding to the defendants' summary judgment motion; and sanctioning the defendants for their asserted misconduct during discovery. In a rare moment of agreement, the parties have also filed a motion seeking an extension of the deadlines to complete discovery and to file dispositive motions in this action. (Doc. 56.)

Upon consideration of the parties' motions and related filings, the Court concludes that although the defendants' refusal to participate in scheduled discovery was irregular and regrettable, their motion for summary judgment presents legal and factual arguments that are potentially dispositive of a number of claims, and compel a response from the plaintiff because as to many of the arguments set forth in the motion for summary judgment, the plaintiff has not persuasively demonstrated that he requires the kind of broad and searching discovery that he suggests is needed in order to respond. The defendants' arguments are essentially legal in nature, and to the extent there are factual disputes that bear upon them, these are facts that should be within the plaintiff's knowledge, and thus there is no apparent reason why he cannot respond to them and offer supporting affidavits highlighting any specific existing factual disputes. His claim that he is entirely unable to formulate a response to the motion is

therefore unpersuasive, and to the extent that there may be discrete issues raised in the motion that may warrant limited and targeted discovery, he would be capable of making a narrower and more specific argument as part of his response to the motion as filed. If those arguments are compelling, Rule 56(d) would authorize the Court either to deny the motion as to those claims, defer consideration of the motion as to those claims, or issue other orders as may be appropriate.

At the same time, the Court also disagrees with the defendants that discovery in this case should come to a standstill pending a ruling on the motion for summary judgment. As part of balancing the parties' respective interests and hardships, and determining whether a stay is warranted, one factor the Court will consider is the likelihood that the pending dispositive motions is likely to prevail. Without prejudging that motion, at least some of the arguments the defendants have made would seem somewhat questionable, particularly the assertion that Abney's claims against counsel in *Abney I* were subject to the exhaustion requirements prescribed by the PLRA, and the blanket argument that Abney's claims are time-barred, particularly where Abney had industriously endeavored to include these claims as part of a supplemental complaint in *Abney I*, only to have the Court later direct that these claims be filed as a separate civil action. The Court's initial questions regarding these issues, the defendants' irregular approach to cancelling their depositions and other discovery responses with virtually no notice prior to filing

their motion for summary judgment, and the risk of prejudice to the plaintiff causes the Court to find that an open-ended stay of all discovery following briefing on the summary judgment motion is not justified.

Accordingly, for the reasons discussed briefly below, the defendants' motion to stay discovery will be granted narrowly, and discovery will be stayed temporarily, but only while the defendants' motion for summary judgment is fully briefed. The plaintiff's omnibus motion for a range of discovery-related relief will be denied, but full merits discovery may commence within the next 40 days and the plaintiff's unopposed motion to enlarge the discovery deadlines in this case will be granted.

Because the Court disagrees with the plaintiff that he requires broad discovery into more than two dozen issues to respond to legal arguments concerning whether he exhausted administrative remedies prior to filing suit, or whether his claims may be time-barred, the plaintiff will be directed to file a substantive response to the merits of defendants' motion for summary judgment, and the defendants will be afforded time to file a reply brief in response. To the extent that the plaintiff finds that a response to some discrete aspect of the defendants' motion is not possible because he has not taken discovery, it is expected that he will make such argument narrowly and specifically, supported by affidavit or declaration, as he has thus far not persuaded the Court that he requires

the kind of sweeping merits discovery he sought in order to respond to the non-merits arguments raised in the defendants' motion. Following conclusion of briefing on the motion for summary judgment, the parties will be directed to resume fact discovery.[2]

## II.     **DISCUSSION**

### A.     **The Plaintiff's Argument that He Requires Merits Discovery to Respond to the Defendants' Non-Merits Arguments in the Pending Motion for Summary Judgment Will Be Denied.**

When a party opposing summary judgment "believes that s/he needs additional time for discovery, [Rule 56(d)] specifies the procedure to be followed." *Pa. Dep't of Public Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988)). The rule provides specifically as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The rule works in concert with the well-established principle that courts are "obliged to give a party opposing summary judgment an adequate

---

[2] Of course, if the parties find themselves having disagreements regarding the proper scope of discovery, or otherwise become embroiled in discovery disputes, the Court is prepared to work with the parties to resolve them.

opportunity to obtain discovery." *Dowling*, 855 F.2d at 139. This is so because the process that is envisioned by Rule 56 summary judgment practice "presupposes the existence of an adequate record." *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007). In one of its seminal trilogy of decisions defining modern summary judgment practice, the Supreme Court instructed that "[a]ny potential problem with . . . premature [summary judgment] motions can be adequately dealt with under [Rule 56(d)]." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Accordingly, if the non-moving party believes that he requires additional discovery in order to respond to a motion for summary judgment, the "proper course is to file a motion pursuant to [Rule 56(f)]." *Abington Friends*, 480 F.3d at 257.

Where there are discovery requests outstanding or where relevant facts are under the control of the moving party, "[d]istrict courts usually grant properly filed [Rule 56(d)] motions as a matter of course." *Id.* (quoting *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)). However, this is the practice followed in cases where the non-movant has made a showing that it requires discovery that was expected to provide relevant evidence necessary for the non-movant to oppose the motion effectively; where the non-moving party has claimed to need fact discovery, but that discovery would not be probative of the moving party's summary judgment argument, the motion may be denied. *Dowling*, 855 F.2d at 140.

In this case, the defendants have filed a motion seeking partial summary judgment on Abney's claims in this case. The defendants argue that Abney, who was assisted at the time by counsel, failed to exhaust most of his claims through the Department of Corrections' grievance procedures with which Abney and his lawyer were familiar. The defendants have provided the Court with copies of grievances that Abney filed following the incidents that he claims occurred and constituted retaliation or otherwise violated his constitutional rights. The defendants then make a number of arguments as to how the grievances were deficient, in that they failed to identify the defendants named in this lawsuit, or concerned matters other than those alleged in this case. Citing to familiar case law, the defendants then argue that Abney's failure to exhaust his administrative remedies prior to filing suit has caused most of the claims brought in this case to be procedurally defaulted.

The plaintiff and his counsel argue that he should be excused from filing grievances against some defendants because he was not aware of their involvement within the time when he would have been required to file a grievance. Rather than respond to the defendants' argument regarding the sufficiency of the grievances that he did file, the plaintiff has argued that he should be permitted instead to take broad discovery into at least 30 separate areas, endeavoring to argue that this discovery is not relevant only to the merits of his claims, but also to whether those

claims were administratively exhausted or timely filed. The plaintiff's argument is not persuasive, and counsel's affidavit does not adequately explain why the discovery sought is needed to respond to these threshold legal and factual issues.

Specifically, to the extent that the plaintiff has an argument to make regarding what he or his lawyer knew at the time they filed the grievances that were actually filed, it is not at all clear how the plaintiff needs to take discovery from the defendants in order to make this argument. What Mr. Abney or his attorney knew at the time are matters that are within their knowledge, and thus they are exclusively capable of offering evidence in the form of affidavits or declarations about what they knew, or about their mental impressions, to the extent it is relevant to contesting the arguments regarding exhaustion or timeliness.

The plaintiff argues that he should be permitted to obtain deposition testimony and documents that relate to the defendants' videoconferencing equipment, DOC policies regarding the transfer of inmates, and information concerning the defendants' compliance with these policies. The plaintiff also claims to need discovery into Defendant Basial's personnel file, as well as the personnel records for other named defendants, in order effectively to respond to the pending motion. Again, the Court disagrees that any of this discovery is necessary to allow the plaintiff to respond to straightforward legal arguments regarding whether his claims were properly exhausted – or whether they were required to be

– and whether they were timely filed within the applicable two-year statute of limitations. We fail to appreciate how the defendants' policies, files, or testimony on any of these subjects bears on the defendants' exhaustion and timeliness arguments. The plaintiff and his counsel should be capable of responding specifically to these arguments, and to offer affidavits or declarations regarding what they knew and when, whether claims were exhausted or whether exhaustion was even required for some of the claims, and on issues concerning the timeliness of the claims, including whatever impact the plaintiff's efforts to bring these claims as supplemental claims in *Abney I* may have on their timeliness in this suit.

There is one narrow area where discovery the plaintiff seeks is relevant, and the defendants have agreed. That discovery relates to a potential dispute regarding different versions of the DOC's DC-ADM 804 policy that governs the inmate grievance process which may have existed during the relevant time period. The defendants have agreed that the plaintiff should be entitled to copies of the DC-ADM 804 as it existed during the relevant period of time during which Abney may have been required to grieve some or all of his claims. The defendants have agreed that if the plaintiff's counsel furnishes them with copies of the policies that she was provided by other DOC counsel, they will inspect them and, if appropriate, stipulate that they are the same policies that were in effect during the time period relevant to the claims in this case. The Court will require that the parties meet and

confer regarding this single discovery issue, and that defendants will provide whatever stipulations or limited discovery production may be necessary on this single issue.

The Court appreciates that the plaintiff would prefer not to address a preliminary motion for summary judgment that challenges his claims as procedurally defaulted or for having been filed past the two-year statute of limitations, particularly where he has been frustrated by the defendants' last-minute refusal to appear for depositions or otherwise furnish him with discovery, but he cannot resist this motion solely on grounds that he is in need of *merits* discovery in order to respond to what are *non-merits* issues.

Accordingly, because we do not agree that the plaintiff needs or is entitled to the sweeping discovery that he seeks in order to respond substantively to the defendants' motion, his omnibus motion will be denied to the extent it seeks relief under Rule 56(d). Instead, the plaintiff will be directed to submit a response that specifically addresses the non-merits arguments that the defendants have asserted so that the defendants' motion may be considered and ruled upon. We will, however, set a prompt timetable for commencing full merits discovery.

### B. Plaintiff's Request for Sanctions Will Be Denied.

The remainder of the plaintiff's omnibus motion requests that the Court sanction the defendants by striking their affirmative defenses, issuing a contempt

citation, or otherwise imposing penalties on them for their asserted misconduct during the discovery period and in refusing to fulfill their obligations under the rules.

To the extent the plaintiff asks the Court to strike the defendants' affirmative defenses, including the defenses that have been raised in the motion for summary judgment, that request will be denied. Motions to strike are, as a general rule, disfavored. *United States v. Marisol, Inc.*, 725 F. Supp. 833, 836 (M.D. Pa. 1989). Rule 12(f) grants the Court substantial discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike a defense pursuant to this Rule will not be granted "unless the insufficiency of the defense is clearly apparent." *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986). Courts generally avoid evaluating the merits of a defense where the factual background of the case is undeveloped. *Id.* In this case, the merits of the affirmative defenses have been placed squarely before the Court by the defendants' motion for summary judgment, and cannot be said to be frivolous or baseless. Whether the defenses will warrant any relief on the motion remains to be seen, but there is no basis to strike the defenses under Rule 12.

What the plaintiff is more specifically seeking is a Court order striking the defenses as a sanction for the defendants' alleged violation of their discovery

obligations or perhaps other violations of the Federal Rules of Civil Procedure. Rule 11 generally protects against a defendant asserting frivolous defenses. *See Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 157 (3d Cir. 1986); *Cinema Serv. Corp. v. Edbee Corp.*, 774 F.2d 584, 586 (3d Cir. 1985). The Court does not find that the plaintiff has shown that the defenses are frivolous, and thus there is no basis to strike the defenses pursuant to Rule 11.

Courts also have the discretion to strike an affirmative defense for discovery violations, but this is considered to be "extreme and is generally not the first course of action a courts takes to sanction a party." *Amalgamated Bank of N.Y. v. Pennsylvania Companies*, 1995 WL 71324, at *2 (E.D. Pa. Feb. 21, 1995). The Court does not find any basis to impose such an extraordinary sanction at this time. To the contrary, the Court has found that these affirmative defenses have been properly asserted, and properly joined in the defendants' motion for summary judgment, which the Court is prepared to address after the parties have completed briefing on the motion.

The plaintiff has also suggested that the Court should sanction the defendants pursuant to its authority under Rules 37 and 45 of the Federal Rules of Civil Procedure, apparently because nonparties refused to appear for depositions that had been scheduled. The Court finds it unnecessary, premature and inappropriate to consider at this juncture whether the defendants may properly be

sanctioned for the failure of nonparties to appear for the depositions that the plaintiff had scheduled. In the event the plaintiff believes that sanctions for discovery abuses are warranted following adjudication of the pending motion for summary judgment and, if necessary, the merits of the plaintiff's claims, he may renew his motion at that time. However, the Court will not further delay and disrupt this litigation by allowing claims for sanctions and related relief to get in the way of the litigation of the pending motion and, if necessary, the merits of the plaintiff's claims.

### C. The Defendants' Motion for a Stay of Merits Discovery Will Be Narrowly Granted in Part But Only During the Pendency of Briefing on the Summary Judgment Motion, After Which Time Discovery Will Be Open.

Despite the defendants having abruptly, and with almost no notice, announced that they would not engage in the discovery that they had been negotiating with the plaintiff; and without having previously sought a protective order or other relief from the Court, the defendants have moved to stay discovery on the grounds that their pending motion for summary judgment may result in the dismissal of many claims and parties, and substantially narrow the case. The plaintiff opposes this motion.

Rule 26(c) of the Federal Rules of Civil Procedure permits courts to stay discovery on a showing of good cause. *See, e.g., Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) ("A protective order

pursuant to Fed. R. Civ. P. 26(c) may only be issued if 'good cause' is shown.");
*see also* Fed. R. Civ. P. 26(c). The burden is on the party seeking to stay discovery to demonstrate that there exists good cause to do so. *Perelman v. Perelman*, No. 10-5622, 2011 WL 3330376, at *1 (E.D. Pa. Aug. 3, 2011) ("The burden is on the party seeking the stay [of discovery] to show 'good cause.'") (citations omitted).

District courts, in turn, have broad discretion to issue orders and other decisions governing the conduct of discovery and to control their dockets. *See, e.g., In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982); *see also Coyle v. Hornell Brewing Co.*, No. 08-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) ("In discovery disputes, the Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery pending a decision on a dispositive motion.") (citations omitted). However, "[m]otions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Coyle*, 2009 WL 1652399, at *3 (internal citations and quotation marks omitted).

The Supreme Court long ago set forth the standard that should be followed for a stay of proceedings, instructing that the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair

possibility that the stay . . . will work damage to [someone] else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). Making this determination requires the court to exercise judgment, weigh the parties' competing interests, and balance the hardships between the parties going forward. *Id.* at 254-55; *see also Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1076 (3d Cir. 1983) (balancing potential hardship with respect to both parties).

In the exercise of this balancing function, courts weigh an assortment of factors when considering a request for a stay of discovery, including (1) whether a stay would unduly prejudice or present a tactical disadvantage to the non-moving party, *Cima Labs, Inc. v. Actavis Group HF*, Nos. 07-893, 06-1970, 06-1999, 2007 WL 1672229, at *8 (D.N.J. June 7, 2007); (2) whether denial of the stay would create a "clear case of hardship or inequity" for the moving party, *Gold*, 723 F.2d at 1075-76; (3) whether a stay would simplify the issues and trial in the case, *Cima Labs*, 2007 WL 1672229, at *8; and (4) whether discovery has been completed and a trial date set, *id.*

In considering prejudice, the party seeking the stay must show good cause and specifically demonstrate the need for stay to guard against harm. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Notably, if a dispositive motion is pending – as is the case here – courts

will consider whether the pending motion "appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law." *Victor v. Huber*, No. 12-282, 2012 WL 2564841, at *2 (M.D. Pa. July 2, 2012) (internal quotations and citations omitted). In this regard, the court may consider whether a stay is likely to simplify the issues to be tried, *Cima Labs*, 2007 WL 1672229, at *8. However, "the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales*, 247 F.R.D. at 454.

In this case, the defendants have represented that they believe their pending motion is likely to be meritorious on at least a substantial number of claims, and thus likely to narrow the issues that may require further litigation. They also refer generally to fiscal considerations, representing broadly that a stay would benefit the Commonwealth by not requiring the unnecessary expense of discovery while the motion remains pending. The defendant also argues that the plaintiff will not be prejudiced because the plaintiff does not require discovery in order to respond to the threshold issues raised in the dispositive motion with respect to non-exhaustion of administrative remedies and the application of the two-year statute of limitations.

As the Court has previously informed the parties, the defendants' approach to discovery in this case was irregular and regrettable, since the plaintiff seems to have been under the impression that depositions and other discovery were in

process before being notified at the last minute that the defendants or their witnesses would not be appearing and that they would instead be moving for summary judgment. It would have been the better practice to seek a stay of discovery proceedings at the outset, or other protective order, and to put the Court and the plaintiff on notice regarding threshold legal issues that the defendants believed required resolution before litigation began in earnest. The defendants have acknowledged this, but nevertheless argue that their motion as filed presents meritorious dispositive arguments as to many claims, and that it would be a waste of resources to no good end if the Court were to require the parties to resume discovery while the motion remains pending.

Upon consideration, the Court finds that a brief stay of discovery is justified in this case to allow completion of briefing on the defendants' motion. The Court has already concluded that the plaintiff does not need to engage in the kind of broad discovery that he claims to require in order to respond to the defendants' motion. Since the plaintiff does not need this discovery to respond to arguments concerning the non-exhaustion of administrative remedies and the running of the statute of limitations, the Court agrees that discovery should remain stayed while the plaintiff focuses his attention on responding to the pending motion. However, without prejudging that motion, the Court notes that it has some questions regarding the arguments asserted, including the argument that the plaintiff was

required to exhaust administrative remedies with respect to a Senior Deputy Attorney General who represented DOC employees in *Abney I*, and whether the running of the statute of limitations may have been tolled or otherwise impacted by the fact that the plaintiff sought to have the claims in this case made part of *Abney I*, and thus did not file this action until this Court denied his motion to supplement in *Abney I*. Those issues cannot be properly decided until the parties complete briefing on them, and the Court finds that it is in the best interest of all parties to focus their attention on these initial matters, which are likely to lead to clarification regarding the scope of this litigation, and thus the discovery that may be appropriate.

At the same time, the Court acknowledges the plaintiff's frustration what he perceives as unreasonable discovery delays in this case and in *Abney I*, and thus finds that any stay of merits discovery should last only through the briefing on the pending motion for summary judgment. To allow a blanket stay to remain in place while the motion for summary judgment is decided risks prejudicing the plaintiff's ability to develop facts that may be important to the merits of claims. This is particularly true given the passage of time since many of the incidents alleged in the complaint took place. Accordingly, given the questions that the Court has regarding the ultimate merit some of the the defendants' dispositive arguments, the lack of a real particularized showing of hardship to the Commonwealth by

engaging in at least some discovery in this case, and the risk that a blanket and open-ended stay of discovery would prejudice the plaintiff, the Court will direct that discovery be stayed only until briefing on the motion for summary judgment is completed.

## III.  ORDER

Accordingly, for the foregoing reasons IT IS HEREBY ORDERED THAT:

1.  The defendants' motion for a stay of discovery (Doc. 48) is GRANTED in part.  Discovery in this case shall be stayed until briefing on the defendants' motion for summary judgment, as directed in this Order, is completed. Thereafter, discovery shall be opened.

2.  The plaintiff's omnibus motion for discovery relief and for leave to take broad discovery pursuant to Rule 56(d) in order to respond to the defendants' motion for summary judgment (Doc. 53) is DENIED with the exception that the parties shall meet and confer regarding the version of the DC-ADM 804 policy that was in effect during the time period relevant to the plaintiff's claims.

3.  The plaintiff shall file a substantive response to the defendants' motion for summary judgment on or before Friday, **October 27, 2017**.  The defendants shall be permitted to file a reply brief in further support of their motion on or before Friday, **November 10, 2017**.  No additional briefing on the motion shall be permitted without leave of Court.

4. The plaintiff's unopposed motion for an extension of time to complete discovery and to file additional dispositive motions (Doc. 56) is GRANTED and the case-management Order of February 17, 2017, is hereby amended as follows:

| | |
|---|---|
| Close of Fact Discovery: | **February 28, 2018** |
| Reports of Experts : | **March 14, 2018** |
| Response Reports to Expert Reports: | **April 16, 2018** |
| Dispositive Motions and Supporting Briefs Due: | **May 2, 2018** |
| Consent to Proceed Before United States Magistrate Judge: | **May 2, 2018** |

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

Dated: October 6, 2017